# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-1557
_____

United States of America

*Plaintiff - Appellee*

v.

Jessie Pettaway

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: May 12, 2015
Filed: August 12, 2015
[Published]
_____

Before LOKEN, BOWMAN, and KELLY, Circuit Judges.
_____

PER CURIAM.

Shortly before Jessie Pettaway was due to be released from federal prison, the United States filed a petition seeking his commitment under 18 U.S.C. § 4246 on the grounds that he was mentally ill and dangerous. After a hearing, the district court committed Pettaway to the custody of the Attorney General for hospitalization and treatment in a suitable facility, upon finding by clear and convincing evidence that

commitment was appropriate. Pettaway appeals, challenging the sufficiency of the evidence.

The statute permits indefinite hospitalization of a federal prisoner due for release only if, after holding a hearing, "the court finds by clear and convincing evidence that the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4246(d). See United States v. Williams, 299 F.3d 673, 676 (8th Cir. 2002) ("To warrant commitment under 18 U.S.C. § 4246, the government must demonstrate, by clear and convincing evidence: '(1) a mental disease or defect; (2) dangerousness if released; and (3) the absence of suitable state placement.'") (citations omitted). This court reviews the factual determinations underlying the district court's commitment decision for clear error, see id. (discussing standard of review and government's burden to warrant commitment under § 4246); however, our review in this case is hindered by the perfunctory nature of the court's analysis. We express no opinion as to the appropriateness of Pettaway's commitment, but conclude that the commitment order must do more than recite Pettaway's mental diagnosis and the opinions of mental health professionals that Pettaway's unconditional release would create the relevant risk of dangerousness. We also note that the district court heard contrary evidence in the form of testimony from Pettaway. At the hearing, Pettaway testified that he does not believe he suffers from a mental illness, that he takes his prescribed medications and would continue to do so, and that if released, he would not be a danger to any other persons or property because he had "stopped doing that." The court must give some indication as to what information in the record it relied upon– such as Pettaway's behavioral or psychological history; results of formalized assessments; recent observations, treatment notes, or interview impressions of mental health professionals; or its impressions of Pettaway's own testimony – in reaching its conclusion.

Given the passage of more than a year since the commitment hearing, and because Pettaway's custodians are under an ongoing obligation to prepare annual reports concerning his mental condition and the need for his continued hospitalization, see 18 U.S.C. § 4247(e)(1)(B), and to exert reasonable efforts periodically to secure state placement, see 18 U.S.C. § 4246(d), we conclude that a new hearing with current information is warranted.

Accordingly, we vacate the judgment of the district court and remand for further proceedings, and we deny counsel's motion to withdraw.

_____